## Ewing's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein and Ladner, JJ.

*Andrew B. McGinnis, Jr.,* for petitioner.

*Romain C. Hassrick,* for respondent.

LADNER, J., April 4, 1941.—This is a petition filed pursuant to section 18(*e*) of the Fiduciaries Act, praying that specific performance of decedent's parol contract to convey real estate be decreed.

Specific performance, especially of a parol contract, is not a matter of right but of grace. It will not be decreed where its enforcement would seem inequitable under the facts of a particular case: Hoffman's Appeal, 319 Pa. 1 (1935). Or, as Judge Baldrige well put it in Byrne's Estate, 122 Pa. Superior Ct. 413, at page 419, "A decree will not be entered where his [the chancellor's] conscience does not approve the transaction." And this rule was held to govern applications for specific performance in this court as early as Brady's Appeal, 66 Pa. 277 (1870).

This case comes before us on petition and answer in which the denial of the facts averred in the petition was withdrawn by stipulation of counsel. The parol contract which is sought to be enforced, as pleaded in the petition, is to the effect (see par. 3) that decedent on *October 10, 1939,* promised that if petitioner married and would take up his abode in the premises in question "where decedent could receive care and attention, that she [decedent] would convey title to said premises to petitioner." It is then averred that the marriage took place on *October 27, 1939,* and decedent moved into the premises and took up her abode with petitioner and his wife, and lived with them until March 1940, when she was removed to the hospital where she died April 5, 1940. It is averred that petitioner paid all the household bills and expenses, and expended moneys for repairs and maintenance, taxes, water rent, etc.

While the facts as pleaded may be sufficient to constitute a good cause of action, they are far too meager to enable us to determine from the averments of the petition alone whether the transaction was conscionable. No amounts of expenditures are given, nor is the court informed of the condition or value of the property claimed, nor the nature or character of the services rendered. Perhaps the consideration was fair and adequate under circumstances that can be shown, but the briefness of time between the making of the contract and the decedent's death indicates otherwise.

We do not wish to be understood as approving a practice of pleading evidence, but as ruling that applications of this kind addressed to the "grace" of the chancellor cannot be granted without a showing by testimony that the transaction was fair and conscionable.

In all the cases cited by petitioner the consideration for decedent's parol contract was conceded to be full and adequate and was expressly so found by a judge who heard the testimony (see e. g., Tetlow's Estate, 321 Pa. 305; Emig's Estate, 53 York 153). While it is true that we approved the stipulation of counsel submitting the matter to us on petition and answer, we now feel it would be impossible to do justice to the parties without hearing testimony. We, therefore, enter the following decree:

And now, April 4, 1941, our decree of March 14, 1941, is revoked, and it is now ordered and decreed that William Kenneth Harry Ewing, executor of the will of Florence M. Ewing, deceased, file an account of his administration within 30 days, and further that the petition of Charles Ewing for specific performance of decedent's alleged parol contract, together with answer and replication (which is hereby reinstated) be referred to the judge who audits said account for his consideration and action.